# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

BRUCE A. LING, JR.,

    Plaintiff,

vs.                                                    Case No. 4:18cv101-RH/CAS

D. STOLTZFUS, SLPN, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has filed an amended complaint, ECF No. 11, which has been reviewed to determine if service is appropriate. Plaintiff is a former prisoner of the Florida Department of Corrections and has filed a complaint which concerns the lack of medical care provided to him by the Defendants, all of whom were employed either at Liberty Correctional Institution or the Quincy Annex. ECF No. 11 at 2-3. Plaintiff alleges that he was given an influenza vaccination in November 2011 which caused him several other health issues. *Id.* at 7-8. He contends that the nurse failed to provide him "with a (VIS) vaccine information statement form as required by federal law," and that the nurse did not report his

"vaccine injury" to the Secretary of Health and Human Services. *Id.* at 9-10. Without any additional supporting facts, Plaintiff asserts that he "never received the proper diagnosis, adequate medical treatment and care" for his medical problems. *Id.* at 10.

Plaintiff raises a similar claim against Defendant Hercule, the "head treating doctor at Quincy Annex and Liberty C.I." and states that he did not advise Plaintiff of known risks to the influenza vaccine. *Id.* at 11. Plaintiff's allegations are conclusory only as Plaintiff contends Defendant Hercule did not "provide or ensure that plaintiff receive a proper diagnosis for his condition" and was deliberately indifferent to Plaintiff's injuries. *Id.* The same may be said for Plaintiff's claims against Defendant Salvadore as they are premised on the same conclusory assertions made against Defendant Hercule. *See* ECF No. 11 at 13-14. Finally, Plaintiff provides allegations against Defendant Register, another nurse at his institution, which are also conclusory and unsupported by specific facts. *Id.* at 15-16. Plaintiff contends she "left Plaintiff's vaccine injuries unattended" and they "posed a substantial risk to his health condition almost killing him from the symptoms he was suffering in excruciating pain from." *Id.* at 15.

These allegations are insufficient to state a claim. Plaintiff does not provide any specificity as to how he was "injured" or the harm he suffered. Plaintiff does not explain any actions taken by the named Defendants, nor does he provide facts which show that he had a "serious medical need" or that any Defendant was more than negligent in providing him care. Mann v. Taser Intern., Inc., 588 F.3d 1291, 1307 (11th Cir. 2009); Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003); Farmer v. Brennan, 114 S. Ct. 1970, 1978 (1994). Deliberate indifference requires a plaintiff to show that a named defendant unnecessarily and wantonly inflicted pain or harm to a prisoner by depriving him of a basic human need. Wilson v. Seiter, 501 U.S. 294, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). Plaintiff's amended complaint lacks any factual allegations to support this claim.

Moreover, Plaintiff's claims are time barred. A § 1983 action is governed by the forum state's general personal injury statute of limitations. Wallace v. Kato, 549 U.S. 384, 387, 127 S. Ct. 1091, 1094, 166 L. Ed. 2d 973 (2007) (citing Owens v. Okure, 488 U.S. 235, 249-50, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989)). In Florida, a four-year statute of limitations applies to cases brought under 42 U.S.C. §§ 1983 and 1985. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003). Further, the cause of action

accrues when the Plaintiff knows or should know (1) that he has suffered injury which forms the basis of the complaint and (2) who has inflicted the injury.  <u>Chappell</u>, 340 F.3d at 1283 (citing <u>Mullinax v. Mc Elhenny</u>, 817 F.2d 711, 716 (11th Cir. 1987)).

Plaintiff attached exhibits to his complaint which reveal that Plaintiff was aware in November of 2017 of health issues after having the vaccine. ECF No. 11 at 25-27.  Giving Plaintiff the benefit of the doubt, his exhibits also reveal that he was grieving the lack of medical care provided to him by March 26, 2013.  <i>Id.</i> at 32.  Thus, any complaint based on these facts must have been filed by March 2017.  Because this case was not initiated until February of 2018, it is time barred and should be summarily dismissed.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 11, be **DISMISSED** for failure to state a claim upon which relief may be granted and because it is barred by the statute of limitations.

**IN CHAMBERS** at Tallahassee, Florida, on June 28, 2018.

 S/    Charles A. Stampelos  
**CHARLES A. STAMPELOS**  
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.